Filed 6/5/24  P. v. Warner CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SHANE MICHAEL WARNER,<br><br>    Defendant and Appellant. | C099778<br><br>(Super. Ct. No. CM034653) |

A jury found defendant Shane Michael Warner guilty of attempted voluntary manslaughter and assault with a semiautomatic firearm.  The trial court sentenced him to an aggregate term of 22 years, which included upper terms and enhancements.  Warner filed two prior appeals, and following the most recent appeal, this court remanded for resentencing pursuant to Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 695) (Assembly Bill 124) and Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731) (Senate Bill 567).  At resentencing, the trial court advised Warner that he faced a

1

three-year parole term after his release from custody.  On this appeal, Warner contends that the judgment must be modified because the trial court improperly advised him as to his parole term pursuant to Penal Code[1] section 3000.01.  We will affirm the judgment.

BACKGROUND[2]

One night, Warner walked into a bar and shot at I. Smith, who had attacked him a few weeks earlier.  (*Warner*, *supra*, C092747.)  Warner emptied his gun's clip, which contained 10 bullets, and hit and wounded I. Smith and an innocent bystander.  (*Ibid*.)  A jury found Warner guilty of attempted voluntary manslaughter (§ 664/192) and assault with a semiautomatic firearm (§ 245, subd. (b)).  (*Ibid*.)  The jury also found true the allegations that Warner inflicted great bodily injury (§ 12022.7, subd. (a)) and personally used a firearm (§ 12022.5, subd. (a)) in the commission of the assault with a semiautomatic firearm.  The trial court sentenced Warner to an aggregate term of 22 years, which included:  (1) the upper term of nine years for assault with a semiautomatic firearm, (2) three years for an infliction of great bodily injury enhancement, and (3) the upper term of 10 years for a firearm enhancement.  (*Ibid*.)

Warner appealed raising a number of contentions, including that the matter should be remanded to the trial court for consideration of striking the firearm enhancement.  (*Warner*, *supra*, C092747.)  We agreed with this contention and remanded the matter to allow the trial court to decide whether to exercise its newly bestowed discretion to strike the firearm enhancement.  (*Ibid*.)  At resentencing, the trial court declined to strike the enhancement.  (*Ibid*.)

---

[1] Undesignated statutory references are to the Penal Code.

[2] We treated Warner's request for judicial notice of his prior appeal in case No. C092747 as a motion to incorporate it by reference and granted it.  As such, we summarize the factual background from our unpublished opinion in Warner's prior appeal.  (*People v. Warner* (Mar. 25, 2022, C092747) [nonpub. opn.] (*Warner*).)

Warner filed his second appeal, arguing that the trial court failed to adequately consider his postconviction activities. (*Warner*, *supra*, C092747.) While his second appeal was pending, the Governor signed Assembly Bill 124 and Senate Bill 567, both effective January 1, 2022. (*Ibid.*) This court affirmed the convictions and remanded the matter to the trial court for a full resentencing in light of those amendments. (*Ibid.*)

At Warner's second resentencing, the trial court struck the infliction of great bodily injury enhancement and imposed an aggregate term of 19 years. Then, the trial court stated, "Pursuant to 3000[, subdivision] (b) of the Penal Code, Defendant shall be on parole for a period of three years following his release from custody." The minute order states that the trial court "advise[d]" Warner of the "[p]arole provision" but does not list a three-year parole term.

## DISCUSSION

On appeal, Warner contends that pursuant to section 3000.01, this court must clarify the trial court's judgment to reflect that he would only be on parole for two years. The People respond that the trial court's statement was only meant to inform Warner of an additional consequence of his convictions.

Section 3000.01 governs periods of parole for individuals released from prison on or after July 1, 2020, and who are subject to parole supervision by the Department of Corrections and Rehabilitation under section 3000.08. (§ 3000.01, subd. (a), added by Stats. 2020, ch. 29, § 18.) It limits, with exceptions not applicable here, the period of parole for an inmate serving a determinate term to two years. (§ 3000.01, subd. (b)(1).) Although the Legislature added section 3000.01, "[it] did not amend the relevant provisions of sections 3000 and 3000.08, which still provide the inmate shall be released on parole for a period of three years. (§ 3000, subd. (b)(2)(B).)" (*People v. Tilley* (2023) 92 Cal.App.5th 772, 779-780.)

When the trial court imposes a determinate term under section 1170, like it did here, the court is required to inform a defendant at sentencing that, after the expiration of

3

his or her prison term, he or she may be on parole for a period as provided by section 3000 or 3000.08. (§ 1170, subd. (c); Cal. Rules of Court, rule 4.433(e)(1).) Although the trial court is required to advise the defendant of the parole period, the Legislature and the parole authority or Department of Corrections and Rehabilitation establish the duration and conditions of parole. (*People v. Jefferson* (1999) 21 Cal.4th 86, 95-96; *In re Lira* (2014) 58 Cal.4th 573, 584; § 3000, subd. (b)(7); Cal. Code Regs., tit. 15, §§ 2510, 2515, subd. (a), 2525.) The sentencing court does not have authority to set or alter the applicable term of parole so established. (*In re Moser* (1993) 6 Cal.4th 342, 357; *People v. Renfro* (2004) 125 Cal.App.4th 223, 232 ["Parole is a statutorily mandated element of punishment, and neither the prosecution nor the sentencing court has authority to impose a prison sentence without parole or to alter the applicable period of parole established by the Legislature and imposed by the Board of Prison Terms"].)

As a general rule " 'a trial court is presumed to have been aware of and followed the applicable law.' " (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.) Nothing in the record reflects that the trial court was not aware it lacked authority to set the term of parole. Rather, the minutes state that the trial court "advise[d]" Warner of the "[p]arole provision." "Accordingly, we presume the trial court knew it lacked authority to set the term of parole and that it had an obligation to advise defendant he was subject to a term of parole following the expiration of his term of imprisonment." (*People v. Tilley*, *supra*, 92 Cal.App.5th at p. 780.) We thus construe the trial court's statement about the parole term as a mere advisement—albeit an erroneous one—regarding the length of the parole term, rather than an attempt to impose a specific parole term. Therefore, we need not modify the judgment. (*Ibid.*)

4

DISPOSITION

The judgment is affirmed.

      /s/<br>
BOULWARE EURIE, J.

We concur:

     /s/<br>
RENNER, Acting P. J.

     /s/<br>
MESIWALA, J.